

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-69,454-02

### EX PARTE CHRIS WAYNE SHUFFIELD

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
### FROM CAUSE NO. 01F0387-102 IN THE 102ND DISTRICT COURT
### BOWIE COUNTY

*Per curiam.  Meyers, J., dissents.*

## O P I N I O N

This is a subsequent application for writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

In February 2003, a jury found applicant guilty of the offense of capital murder.  The

jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure

Article 37.071, and the trial court, accordingly, set applicant's punishment at death.

Applicant's conviction and sentence were affirmed on direct appeal.  *Shuffield v. State*, 189

S.W.3d 782 (Tex. Crim. App. 2006).  Applicant's initial post-conviction application for writ

of habeas corpus was denied. *Ex parte Shuffield,* No. WR-69,454-01 (Tex. Crim. App. April 30, 2008) (not selected for publication).

Applicant then filed a habeas petition in the United States District Court for the Eastern District of Texas. *See Shuffield v. Thaler,* No. 6:08-cv-180 (U.S. Dist. – Tyler May 8, 2008) (not selected for publication). In August 2010, he moved to stay the federal habeas proceedings in order to present an unexhausted claim in state court. Docket No. 44. The federal district court granted the motion. Docket No. 47.

Applicant filed this subsequent habeas application in the trial court on January 21, 2011, and the trial court forwarded the application to this Court. We found that the requirements for consideration of a subsequent application had been met and remanded the cause to the trial court for consideration of the allegation. Art. 11.071, § 5(a). The trial court conducted a live evidentiary hearing and recommended granting relief.

Applicant's allegation is that this Court should reverse his sentence and remand his case for a new punishment trial because the State's failure to produce exculpatory evidence and its presentation of false testimony violated his constitutional rights and contributed to his punishment.

At trial, to demonstrate that applicant would constitute a future danger even in prison, the State presented evidence that a shank had been found in applicant's jail cell after a confidential informant reported the shank to the warden. In 2010, Josh Barlow, an inmate who had been housed in the same pod as applicant, informed a newspaper reporter that he made the shank, planted it in applicant's cell, and then reported it so that applicant would be

blamed. The habeas court conducted a live evidentiary hearing in which Barlow explained how and why he planted the shank in applicant's cell.

Following the evidentiary hearing, the trial court found that the State did not fail to produce exculpatory evidence or knowingly present false testimony. However, the trial court also found that Barlow fashioned and planted the shank as described. Therefore the evidence that applicant possessed the shank was false. The trial court also found that this evidence was central to the State's future dangerousness case and to the jury's decision at punishment. The court concluded that applicant has shown by a preponderance of the evidence that this evidence was material to the jury's finding of future dangerousness and that it contributed to applicant's punishment.

In post-conviction habeas corpus review, this Court is the ultimate fact finder, but the trial judge is the original fact finder. This Court will defer to and accept the convicting court's findings of fact and conclusions of law, as long as they are supported by the record. This is particularly true in matters concerning the weight and credibility of the witnesses.

The trial court's findings of fact and conclusions of law are supported by the record, with the exception of Finding Number 34, which states that Barlow pleaded guilty. Accordingly, we accept the court's recommendation. We grant relief and remand the cause for a new punishment hearing.

Delivered: May 21, 2014

Do Not Publish